UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 7:06-983-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Thomas Tyrone Norman, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Thomas Tyrone Norman's ("Norman") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court dismisses Norman's § 2255 motion as a second or successive motion.

On December 12, 2006, Norman pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) ("count 1"); one count of possessing with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) ("count 2"); and one count of possessing a firearm in connection with a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) ("count 3"). On July 9, 2007, the court sentenced Norman as an armed career criminal pursuant to 18 U.S.C. § 924(e) to 274 months' imprisonment plus 60 months' consecutive imprisonment on count 3. Norman appealed his conviction and sentence, and the United States Court of Appeals for the Fourth Circuit affirmed his conviction on January 24, 2012. United States v. Norman, No. 07-4714, 2012 WL 185162, at *4 (4th Cir. Jan. 24, 2012) (unpublished). Norman filed a motion to vacate, set aside, or correct his sentence under

1

28 U.S.C. § 2255 on January 14, 2013. On January 24, 2013, the court granted Norman relief finding that he only had two predicate convictions under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because his prior convictions for assault and battery of a high and aggravated nature ("ABHAN") and pointing a firearm should not have been counted separately. Norman was resentenced on April 30, 2013, to 262 months' imprisonment plus 60 months' consecutive on count 3. Norman appealed his sentence and the Fourth Circuit affirmed on October 1, 2013. United States v. Norman, No. 13-4381, 540 F. App'x 232, 235 (4th Cir. 2013) (unpublished). Norman filed a § 2255 motion on July 8, 2014, arguing that count 3 of his indictment, possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), is not a federal crime, which was denied on July 21, 2014.[1] (Norman Mem. Supp. § 2255, generally, ECF No. 113.) Norman sought permission from the Fourth Circuit to file a second or successive § 2255 motion, which was denied on January 24, 2017. (Order, ECF No. 131.) Norman filed the instant § 2255 motion on March 21, 2018.[2] (Norman § 2255 Mot., generally, ECF No. 132.)

After a thorough review, the court holds that the instant motion is successive. "[A] prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)). "The court of appeals must examine the application to determine whether it contains any claim that satisfies . . . § 2255." Id. The class of claims that satisfies § 2255 are few. The applicant must come forward with "newly

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

[2] See id.

discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1). Alternatively, the applicant may cite "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h)(2); see also In re Vassell, 751 F.3d 267, 269 (4th Cir. 2014) ("Under this procedure, '[t]he court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]' – namely, as relevant here, that the application presents a claim that 'relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'"). In the absence of pre-filing authorization from the court of appeals, the district court is without jurisdiction to consider a second or successive application. Winestock, 340 F.3d at 205.

Norman has not obtained authorization from the appropriate United States Court of Appeals to proceed with a second or successive § 2255 motion. In fact, the Fourth Circuit denied Norman's request to file a second or successive § 2255 motion. Because Norman has previously filed a § 2255 motion that was adjudicated on the merits, the instant motion is successive. As Norman failed to obtain pre-filing authorization, the court lacks jurisdiction over this successive § 2255 motion, and Norman's motion is dismissed.[3]

---

[3] Because this is a successive motion pursuant to § 2255, this case is not controlled by Castro v. United States, 540 U.S. 375, 383-84 (2003).

3

Therefore, it is

**ORDERED** that Norman's § 2255 motion, docket number 132, is dismissed.  It is further

**ORDERED** that a certificate of appealability is denied because Norman has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
March 27, 2018

## NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.