IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 7:06-983-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Thomas Tyrone Norman, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the Defendant Thomas Tyrone Norman's ("Norman") pro se motion for a sentence reduction pursuant to the First Step Act, Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194. Norman argues that he is entitled to relief under the First Step Act.

On December 11, 2006, Norman pled guilty pursuant to a plea agreement to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(C), and one count of possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). On July 26, 2007, Norman was sentenced to 274 months' imprisonment. Norman appealed his conviction and sentence. The Fourth Circuit affirmed the judgment on January 24, 2012. United States v. Norman, No. 07-4714, 2012 WL 185162, at *4 (4th Cir. Jan. 24, 2012) (unpublished). On January 24, 2013, the court granted Norman's 28 U.S.C. § 2255 motion filed on January 22, 2013, and vacated his sentence. Norman was resentenced on April 30, 2013, to 262 months' imprisonment. Norman appealed, and the Fourth Circuit affirmed the judgment on October 1, 2013. United States v. Norman, No. 13-4381, 540 Fed. App'x 232, 235 (4th Cir. Oct. 1, 2013) (unpublished).

Norman filed the instant motion to reduce his sentence on July 15, 2019. (Mot. Reduce, ECF No. 149.) The court denied the motion on October 16, 2019. (Oct. 16, 2019 Order, ECF No. 155.) Norman appealed, and on June 15, 2020, the Fourth Circuit vacated and remanded the case for consideration in light of its decision in United States v. Woodson, 962 F.3d 812 (4th Cir. 2020). United States v. Norman, No. 19-7615 (4th Cir. July. 15, 2020) (unpublished). Under Woodson, Norman is eligible to have his First Step Act motion reviewed on the merits. Woodson, 962 F.3d at 817 (finding that § 841(b)(1)(C) convictions are covered offenses because "when the Fair Sentencing Act changed the quantities of crack cocaine to which Subsection 841(b)(1)(C) applies, it 'modified' the statutory penalties of that subsection for purposes of crack cocaine offenders within the meaning of the First Step Act."). This matter is ripe for review.

The Fair Sentencing Act of 2010 reduced the sentencing disparity between cocaine base and powder cocaine offenses. Pub. L. No. 111-220, August 3, 2010, 124 Stat. 2372. The First Step Act made the Fair Sentencing Act retroactive, and thus applicable to Norman. Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194.

Norman's drug conviction is a covered offense under the First Step Act.[1] However, application of the First Step Act does not impact Norman's guideline range under the United States Sentencing Guidelines ("U.S.S.G.") or the statutory provisions applicable to Norman. Irrespective of whether the applicable U.S.S.G. range is lowered, the First Step Act allows for consideration of a reduced sentence for a covered offense under the Fair Sentencing Act. Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194 ("A court that imposed a sentence for a

---

[1] Woodson, 962 F.3d at 817.

covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."). Thus, although Norman's guideline range and statutory penalties did not change, he may be considered for a reduced incarceration sentence under the First Step Act.

However, Norman is not entitled to a full resentencing hearing because any relief obtained under 18 U.S.C. § 3582(c)(1)(B) "does not affect the finality of the original underlying sentence and judgment." United States v. Shelton, Cr. No. 3:07-329 (CMC), 2019 WL 1598921, at *3 (D.S.C. Apr. 15, 2019) (unpublished) (citing United States v. Sanders, 247 F.3d 139, 142-43 (4th Cir. 2001) (explaining "[t]he plain language of 18 U.S.C. § 3582(b) establishes that a modification of a sentence does not affect the finality of a criminal judgment."); United States v. Wirsing, 943 F.3d 175, 181 n.1 ("Defendant does not contest that his relief, if any, will be in the form of a limited sentence modification rather than a plenary resentencing.").

Based on the foregoing, the court will consider whether to reduce Norman's incarceration sentence based on the record in this case, those factors set forth in 18 U.S.C. § 3553(a), and any post-sentencing mitigation. Therefore, the parties are ordered to file any pertinent information for the court's consideration by August 31, 2020.

**IT IS SO ORDERED.**

              s/Henry M. Herlong, Jr.
              Senior United States District Judge

Greenville, South Carolina
August 17, 2020