IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 7:06-983-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Thomas Tyrone Norman, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the Defendant Thomas Tyrone Norman's ("Norman") pro se motion for a sentence reduction pursuant to the First Step Act, Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194. Norman argues that he is entitled to relief under the First Step Act.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 11, 2006, Norman pled guilty pursuant to a plea agreement to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(C), and one count of possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). On July 26, 2007, Norman was sentenced to 274 months' imprisonment. Norman appealed his conviction and sentence. The Fourth Circuit affirmed the judgment on January 24, 2012. United States v. Norman, No. 07-4714, 2012 WL 185162, at *4 (4th Cir. Jan. 24, 2012) (unpublished). On January 24, 2013, the court granted Norman's 28 U.S.C. § 2255 motion filed on January 22, 2013, and vacated his sentence. Norman was resentenced on April 30, 2013, to 262 months' imprisonment. Norman appealed, and the Fourth Circuit affirmed the judgment on October 1, 2013. United States v. Norman, No. 13-4381, 540 Fed. App'x 232, 235 (4th Cir. Oct. 1, 2013) (unpublished).

Norman filed the instant motion to reduce his sentence on July 15, 2019. (Mot. Reduce, ECF No. 149.) The court denied the motion on October 16, 2019. (Oct. 16, 2019 Order, ECF No. 155.) Norman appealed, and on June 15, 2020, the Fourth Circuit vacated and remanded the case for consideration in light of its decision in United States v. Woodson, 962 F.3d 812 (4th Cir. 2020). United States v. Norman, No. 19-7615 (4th Cir. July. 15, 2020) (unpublished). Under Woodson, Norman is eligible to have his First Step Act motion reviewed on the merits. Woodson, 962 F.3d at 817 (finding that § 841(b)(1)(C) convictions are covered offenses because "when the Fair Sentencing Act changed the quantities of crack cocaine to which Subsection 841(b)(1)(C) applies, it 'modified' the statutory penalties of that subsection for purposes of crack cocaine offenders within the meaning of the First Step Act."). The court ordered the parties to respond by August 31, 2020. (Aug. 17, 2020 Order, ECF No. 169.) The Government filed a response on August 19, 2020. (Resp., ECF No. 173.) Norman filed a memorandum in support on August 26, 2020. (Mem. Support, ECF No. 174.) This matter is now ripe for consideration.

## II. Discussion of the Law

The Fair Sentencing Act of 2010 reduced the sentencing disparity between cocaine base and powder cocaine offenses. Pub. L. No. 111-220, August 3, 2010, 124 Stat. 2372. Norman's sentence has not been previously reduced under the Fair Sentencing Act. However, the First Step Act made the Fair Sentencing Act retroactive and thus applicable to Norman. Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194.

With the benefit of the First Step Act, Norman's statutory penalties and guideline range under the U.S.S.G. were not impacted by the reduced mandatory minimum and remain

unchanged. However, Norman was convicted of a covered offense, Count 2, and is therefore eligible for consideration for a reduced sentence. The Government contends that Norman's sentence should not be reduced. (Resp., generally, ECF No. 174.)

Section 404(b) of the First Step Act provides that

> [a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.

Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194. Further, section 404(c) provides that

> [n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Id. Relief under the First Step Act is discretionary. See First Step Act, § 404(c) (providing that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). The Fair Sentencing Act and the First Step Act do not specifically provide for a full resentencing hearing. Further, the First Step Act does not discuss the U.S.S.G. Instead, the First Step Act merely provides that the court may "impose a reduced sentence" as if the Fair Sentencing Act "were in effect at the time the covered offense was committed." First Step Act, § 404(c).

The First Step Act allows for consideration of a reduced sentence for covered offenses. Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194 ("A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the [BOP], the attorney for

3

the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."). Thus, although Norman's guideline range and statutory penalties did not change, he may be considered for a reduced incarceration sentence under the First Step Act because his conviction in Count 2 is a covered offense.

The court has fully considered Norman's motion, memorandum and documents in support of his motion to reduce, and the Government's response in opposition. Further, the

court has considered all of the 18 U.S.C. § 3553(a)[1] factors in deciding whether to reduce Norman's sentence.

Norman's offenses in the instant case were serious, involving drugs and firearms. Further, Norman has a significant criminal history involving drugs and firearms. However, the court finds that a sentence of less than 262 months' imprisonment sufficiently reflects the seriousness of Norman's offenses. In addition, Norman has had a positive disciplinary record

---

[1] 18 U.S.C. § 3553(a) provides as follows:
(a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
   (2) the need for the sentence imposed--(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
   (3) the kinds of sentences available;
   (4) the kinds of sentence and the sentencing range established for--(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; . . . ;
   (5) any pertinent policy statement--(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
   (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
   (7) the need to provide restitution to any victims of the offense.

while incarcerated and has undertaken the opportunity to help others in prison. Therefore, the court grants Norman's motion to reduce under § 404 of the First Step Act. The court will reduce Norman's sentence to 214 months' imprisonment. The court believes that this sentence provides just punishment and adequately reflects the seriousness of his offenses. In addition, this sentence will adequately protect the public and promote deterrence for criminal conduct. Based on the foregoing, the court reduces Norman's sentence to 214 months' imprisonment. This term consists of 120 months as to count 1 and 154 months as to count 2 (to be served concurrently), followed by 60 months as to count 3, to be served consecutively to the sentence as to counts 1 and 2. All other terms of the judgment remain the same.

It is therefore

**ORDERED** that Norman's motion, docket number 149 is granted as set out.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

September 1, 2020
Greenville, South Carolina

### NOTICE OF RIGHT TO APPEAL

Movant is hereby notified that he has the right to appeal this order within fourteen (14) days from the date hereof, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.